United States District Court
District of Massachusetts

| | |
|---|---|
| United States of America, | ) |
| | ) |
| v. | ) |
| | ) |
| Charlie D. Vick, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Criminal Action No.
22-10193-NMG

MEMORANDUM & ORDER

GORTON, J.

Pending before the Court is the motion of defendant, Charlie D. Vick ("defendant"), filed pursuant to 28 U.S.C. §2255, to vacate the sentence imposed against him for violating conditions of supervised release.

In February, 2023, defendant was on supervised release following a conviction and service of a sentence for being a felon in possession of ammunition. He was arrested for other crimes, and a search of his vehicle revealed a firearm. Defendant was then charged with violating the terms of his supervised release which included requirements that he not commit another crime or possess a firearm. At a revocation hearing in October, 2023, evidence was presented regarding the firearm. He was found in violation and sentenced to 22 months in prison.

Just before that imprisonment, defendant went to trial on a separate charge of being a felon in possession of a firearm before another session of this Court.  That trial resulted in a hung jury but the government apparently intends to retry it. After the trial, defendant moved to suppress evidence of the firearm found in his car which formed the basis of the charge in that case.  The Court allowed the motion to suppress and the government's appeal of that ruling remains pending.  Now, defendant moves to vacate his violation of supervised release on the grounds that evidence supporting the underlying charge of firearm possession has since been suppressed.

Under §2255, a prisoner in federal custody may move to vacate, set aside or correct his sentence on the ground that

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. §2255(a); see United States v. Addonizio, 442 U.S. 178, 185 (1979).  The burden is on the defendant, who "must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982).

Here, the previous suppression of firearm evidence is not grounds for vacating defendant's revocation of supervised release pursuant to §2255.  In essence, defendant seeks to apply the exclusionary rule, which bars the use of suppressed

- 2 -

evidence, to attack collaterally his conviction for violation of supervised release. The exclusionary rule is not, however, applicable to such proceedings. See United States v. Gravina, 906 F. Supp. 50, 53 (D. Mass. 1995) (collecting cases); see also United States v. Rodriguez, No. CR 11-0005-WES, 2017 WL 11501873, at *3 (D.R.I. Dec. 26, 2017), subsequently aff'd, 919 F.3d 629 (1st Cir. 2019); United States v. Jimenez-Torres, CR No. 06-135-(PG), 2010 WL 2650318 at *4 (D.P.R. June 30, 2010).

Because the exclusionary rule does not apply to supervised release proceedings, it is irrelevant to defendant's pending §2255 motion that a court suppressed the same firearm evidence in another case. Even though the evidence was suppressed in the new case, its admission at the revocation hearing does not entitle defendant to §2255 relief. See Forney v. United States, No. CIV. 13-6239 NLH, 2015 WL 1808487, at *5-*6 (D.N.J. Apr. 21, 2015) (denying defendant's §2255 motion, even assuming evidence at issue was illegally obtained, because introduction of subsequently suppressed evidence at a revocation proceeding did not entitle petitioner to §2255 relief); United States v. Smith, No. CR 08-128 PAM, 2022 WL 11820087, at *5 (D. Minn. Oct. 20, 2022) (same); Cary v. United States, No. 17-CV-1429, 2017 WL 6543863, at *2 (C.D. Ill. Dec. 21, 2017) (same).

ORDER

For the foregoing reasons, the motion of defendant, Charlie Vick, to vacate his revocation sentence (Docket No. 47) is **DENIED**.

**So ordered.**

Nathaniel M. Gorton
United States District Judge

Dated:   November 25, 2024